IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Criminal Action No. 3:06CR18 and
                                                    3:06CR7-02
                                                   (JUDGE BAILEY)

JAMES EDWARD BROWN,

    Defendant.

**AMENDED**
**REPORT AND RECOMMENDATION THAT MOTION FOR RECONSIDERATION**
**OF SENTENCE BE DENIED**

I. Introduction

    A.    Background

Defendant and four others were indicted January 19, 2006 in a nine count indictment related to distribution of cocaine base in case no. 3:06CR7. Defendant was the second Defendant in that indictment. That indictment was dismissed as to Defendant on June 5, 2006. On April 18, 2006, an information was brought against Defendant charging him with maintaining a place for distribution of cocaine base in violation of 21 U.S.C. § 856. Defendant signed a plea agreement April 14, 2006. On July 25, 2006, Defendant was sentenced to sixty-nine months imprisonment and three years supervised release. On September 18, 2007 Defendant filed a Motion for Reconsideration of Sentence. This motion was incorrectly filed in case no. 3:06CR7 which had been dismissed. The Government filed its response February 12, 2008.

B.   The Motion

Motion for Reconsideration of Sentence.[1]

C.   Recommendation

I recommend the Motion for Reconsideration of Sentence be denied because Rule 35(b) provides that only the Government can move for reduction of sentence based upon substantial assistance unless there is a substantial threshold showing that the Government refusal is based on an unconstitutional motive or is not rationally related to a legitimate Government objective. No threshold allegation was made.

## II.  The Motion

A.   Contentions of the Parties

Defendant contends he is entitled to reconsideration of his sentence by the Court under Rule 35(b) because he has provided substantial assistance to the Government by offering testimony and other assitance in the prosecution of another person.

The Government contends that only the Government can file a Rule 35(b) motion and the Court lacks jurisdiction to consider such a request unless it is made by the Government. The Government acknowledges Defendant complied with the plea agreement by being debriefed and providing truthful statements. The Government advised the Court of Defendant's cooperation at sentencing. The Government further contends it had no other obligation under the plea agreement.

---

[1] Doc. No. 238 in Case No. 3:06CR7-02.

B.  Discussion

Fed.R.Crim.P. 35(b) provides in pertinent part: **"reducing a sentence for substantial assistance. (1) in general.** Upon the Government's motion made within one year of sentencing, the Court may reduce a sentence if: (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; . . ."

The plea agreement contains no provision that the Government promises to file a Rule 35(b) in return for Defendant's substantial assistance.

In 1989, the Fourth Circuit held that only the Government could initiate the Motion for Reduction in Sentence Under Rule 35(b). United States v. Francois, 889 F.2d 1341 (4th Cir. 1989). However, this case was based on Rule 35(b) before it was changed in 1987 as part of the Sentencing Act of 1984.

In United States v. Maddox, 48 F.3d 791, 795 (4th Cir. 1995), the Fourth Circuit affirmed Francois subject to the two Wade exceptions:

> This Court has held that absent a motion by the government, district courts cannot consider whether a defendant is entitled to a downward departure from the Sentencing Guidelines range based on substantial assistance. United States v. Francois, 889 F.2d 1341, 1344-45 (4th Cir. 1989), *cert. denied*, 494 U.S. 1085, 110 S.Ct. 1822, 108 L.Ed.2d 951 (1990). In Wade v. United States, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), the Supreme Court carved out two exceptions to the virtually unreviewable decisionmaking power of prosecutors regarding such motions. A district court may review the government's refusal to file a substantial assistance motion, and grant a remedy, if the court finds that the refusal: (1) is based on an unconstitutional motive; or (2) is not rationally related to a legitimate government objective. *Id.* at 184-87, 112 S.Ct. At 1843-44 [FN6]

Wade also requires a substantial threshold showing in support of a claim. Wade, 504 U.S. at 186. There was no threshold showing of either Wade factor, let alone a substantial showing. Therefore, there is no basis for this Court to grant the motion.

C. Recommendation

For the foregoing reasons, I recommend the motion be denied.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: March 25, 2008

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE